BRILL, Respondent, vs. RYAN, Sheriff, Appellant.

*October 21—November 16, 1920.*

*Replevin: Evidence: Sufficiency.*

Findings of the trial court that plaintiff, the owner of a department store, contracted with several persons to conduct sales in his store, and that they, without the knowledge of plaintiff, having attempted to incorporate, purchased goods under their purported company name, and, being unable to make settlement with plaintiff, surrendered the goods then in the store, including those purchased by them and not paid

for; that the plaintiff settled with mercantile creditors whose goods came into the store and the proceeds from which he received; and that he later purchased at an execution sale all the interest of the corporation in the goods, being amply sustained by the evidence, a judgment in an action for replevin awarding the goods to the plaintiff as against the sheriff, who had seized them under an execution against the company, is proper.

APPEAL from a judgment of the municipal court of Brown county: HENRY GRAASS, Acting Judge. *Affirmed*.

This action of replevin was brought by plaintiff against defendant, as sheriff, who had levied on property under two executions in favor of one B. E. Nicoll and against the Gasco Realization Company, a corporation, and Jacob Abrams, Bernard Skowron, and William Glenberg.

The complaint alleges that the plaintiff, on May 23, 1918, was the owner and lawfully entitled to the possession of merchandise valued in the sum of $800 and upward, and that on said date the defendant, as sheriff, wrongfully took the property described and unlawfully retained the same. The answer sets forth that on May 21, 1918, there were delivered to the defendant two executions in favor of B. E. Nicoll and against the Gasco Realization Company, a corporation, by reason of which the property in question was seized for the purpose of satisfying the two judgments specified in the executions, and that by virtue thereof defendant seized the property in question, and that said defendant believed the property to be that of the Gasco Realization Company and subject to such executions.

The case was tried by the court without a jury. The court found, in substance, that prior to November 1st plaintiff was the owner of a department store in Green Bay, Wisconsin; that subsequent to that date plaintiff entered into a written contract with Jacob A. Abrams, Bernard Skowron, and William Glenberg to conduct sales of stock in his store; that subsequent to the execution of this contract and without the knowledge or consent of the plaintiff, these three

men attempted to form a Wisconsin corporation under the name of the Gasco Realization Company, and obtained a charter therefor, no papers of incorporation having ever been filed with the register of deeds for Brown county, however; that under the name of the Gasco Realization Company said parties purchased from various wholesale houses goods, wares, and merchandise of the approximate value of $7,700 and claimed to have incurred other liabilities by way of borrowed money; that Abrams, Skowron, and Glenberg operated said store as the Gasco Department Store from about February 15th until about May 11th under the terms of the agreement with *Brill,* at which time, having been unable to make the payments to plaintiff as called for by their contract, they surrendered possession of the goods then in said store, including the unsold portions of the goods purchased by the Gasco Realization Company, to *Brill,* who has ever since been and now is in possession of the goods and who claims title thereto under the contract. The court also found that during the occupancy of the store by Abrams, Skowron, and Glenberg, or the corporation under which they attempted to operate, they had never been in possession of the store nor of the merchandise or fixtures; that all moneys taken in by the business during the period of such occupation were paid to *B. Brill* and by him deposited in his private banking account, and that he at all times had sole and exclusive control of such cash receipts; that the expenses of advertising under the name of the Gasco Realization Company, the Gasco Boys, and the Gasco Department Store were paid by *B. Brill* out of the proceeds received from the operation of the business, as were all other expenses of running and operating the store; that during the operation of the business goods purchased by the Gasco Realization Company were mingled with the *Brill* stock and were sold and the moneys received therefor taken over by *B. Brill;* that Abrams, Skowron, and Glenberg were the only stockholders of the Gasco Realization Com-

pany; that at the time they left Green Bay they were indebted to various persons, and executions on judgments against the Gasco Realization Company were returned unsatisfied; that B. E. Nicoll obtained two judgments against the company aggregating an amount in excess of $700; that upon executions issued on said judgments Nic Ryan as sheriff levied upon certain merchandise in the Brill store which had been purchased from wholesale houses by the Gasco Realization Company; that the Gasco Realization Company and Abrams, Skowron, and Glenberg have never paid to plaintiff anything whatsoever on account of the purchase price of said goods excepting the initial deposit as appears in the contract; that during the week commencing August 20, 1918, Brill purchased at an auction sale, under a judgment rendered against the Gasco Realization Company in favor of Morris Garfinkel and Paul Wachtel, all of the right, title, and interest and the equity of the Gasco Realization Company in said stock of merchandise; that the value of the goods seized by defendant under his execution is $800; that plaintiff had, prior to the trial of this case, settled with all merchandise creditors of Abrams, Skowron, and Glenberg, whose merchandise came to the store and the proceeds of which were realized on by B. Brill, the plaintiff; that none of the other alleged creditors of the Gasco Realization Company, including the defendant Ryan, were misled as to the actual relations of Brill with said company by reason of anything done or omitted by said Brill; that plaintiff, Brill, had no knowledge of the character of the advertising done by the Gasco Realization Company or that the business had been incorporated; that the plaintiff, Brill, acted in good faith throughout the entire transaction and had no intent to defraud creditors.

Judgment was entered in favor of the plaintiff and against the defendant. This is an appeal from such judgment.

Michael Levin of Milwaukee, for the appellant.

For the respondent there was a brief by *Kittell, Jaseph &*
*Young* of Green Bay, and oral argument by *Lynn Đ.*
*Jaseph.*

SIEBECKER, C. J.    The trial court properly held upon the
facts found in the case that the plaintiff obtained possession
of the goods levied on by the sheriff under his contract
with Abrams, Skowron, and Glenberg.    It is apparent that
under the terms and conditions of such contract plaintiff
became the owner of the goods when he took exclusive pos-
session of and paid for them.    The finding of the trial court
that the goods levied on by the sheriff were in fact in plaint-
iff's possession before such levy and that he in fact paid the
purchase price due on them is well supported by the evidence
and must stand.    We think it is clearly shown that *Brill* in
all his dealings throughout the transaction had no intent to
defraud, and that the facts and circumstances pertaining to
the joint enterprise between him on the one part and
Abrams, Skowron, and Glenberg on the other do not estab-
lish any fraud impugning his *bona fide* ownership of the
property levied on by the sheriff.    It is also established that
plaintiff, at an execution sale under the judgment of Gar-
finkel and Wachtel in August, 1918, obtained all the right,
title, and interest that the Gasco Realization Company
might possibly have in the property in question.    It is con-
sidered that the findings of fact of the trial court are amply
sustained by the evidence and that it properly awarded judg-
ment thereon, and that plaintiff is entitled to the possession
of the property levied on by the sheriff as owner, and that
the defendant unlawfully seized them and wrongfully de-
tained them from the plaintiff.

*By the Court.*—The judgment appealed from is affirmed.